# EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1 Rev. 2-20
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

| For information on ADA accommodations, contact a court clerk or go to: *www.jud.ct.gov/ADA*. | STATE OF CONNECTICUT<br>**SUPERIOR COURT**<br>*www.jud.ct.gov*  |

**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)*<br>155 Church Street, Putnam, CT 06260 | Telephone number of clerk<br>( 860 ) 928 – 7749 | Return Date *(Must be a Tuesday)*<br>07/27/2021 |
|---|---|---|
| ☒ Judicial District   G.A.<br>☐ Housing Session  ☐ Number: ___ | At *(City/Town)*<br>Windham | Case type code *(See list on page 2)*<br>Major: **M**    Minor: **90** |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)*<br>Sabatini and Associates, LLC, One Market Square, Newington, CT 06111 | Juris number *(if attorney or law firm)*<br>052654 |
|---|---|
| Telephone number<br>( 860 ) 667 – 0839 | Signature of plaintiff *(if self-represented)* | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. ☐ Yes ☒ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)* |

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| **First plaintiff** | Name: **BENOIT, Eric**<br>Address: 54 Hemlock Drive, Woodstock Valley, CT 06282 | P-01 |
| **Additional plaintiff** | Name:<br>Address: | P-02 |
| **First defendant** | Name: **STEVE BOUSQUET'S APPLIANCE & T.V., INC.**, 16 Furnace Street, Danielson, CT 06239<br>Address: Agent: Thomas A. Borner, Esq., 155 Providence Street, Putnam, CT 06260 | D-01 |
| **Additional defendant** | Name:<br>Address: | D-02 |
| **Additional defendant** | Name:<br>Address: | D-03 |
| **Additional defendant** | Name:<br>Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |

**Notice to each defendant**

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date<br>06/28/2021 | Signed *(Sign and select proper box)* | ☒ Commissioner of Superior Court<br>☐ Clerk | Name of person signing<br>**James V. Sabatini** |
|---|---|---|---|

| If this summons is signed by a Clerk:<br>a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.<br>c. The court staff is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | *For Court Use Only*<br>File Date |
|---|---|
| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |

Page 1 of 2

**RETURN DATE:** July 27, 2021

| | | |
|---|---|---|
| **ERIC BENOIT** | : | **SUPERIOR COURT** |
| **v.** | : | **WINDHAM JUDICIAL DISTRICT** |
| **STEVE BOUSQUET'S** <br> **APPLIANCE & T.V., INC.** | : | **JUNE 28, 2021** |

## COMPLAINT

1. Plaintiff Eric Benoit was and is a Connecticut citizen residing at 54 Hemlock Drive Woodstock Valley Connecticut, 06282.

2. Defendant Steve Bousquet's Appliance and T.V., Inc. was and is a Connecticut corporation with a principal place of business located at 16 Furnace Street, Danielson, Connecticut 06239.

3. Defendant owns and operates a place of business located at 600 Main St, Willimantic, Connecticut 06226.

4. Defendant employs 15 or more employees.

5. Defendant employed plaintiff at its Willimantic location.

6. Defendant hired plaintiff in September of 2018.

7. Defendant hired plaintiff as a Salesman.

8. Plaintiff was qualified for the job.

9. On March 27, 2020, defendant offered plaintiff a voluntary temporary layoff due to COVID-19.

10. Plaintiff agreed to the layoff because plaintiff suffers from a compromised immune system.

1

11. Plaintiff has a gastro intestinal issue that causes the weakened immune system.

12. On May 14, 2020, Plaintiff's manager Jeff Bousquet requested that plaintiff return to work on May 28, 2020.

13. Plaintiff informed Bousquet that he would return to work pending approval from Plaintiff's doctor because Plaintiff's compromised immune system posed a risk to him due to the COVID-19 pandemic.

14. On May 22, 2020, Plaintiff visited his Doctor.

15. Plaintiff's doctor did not authorize plaintiff to return to work due to his medical condition.

16. Plaintiff's doctor told him to stay away from work and from being in public until June 10, 2020.

17. Plaintiff asked his doctor to give him a note laying out his work restrictions so that he could provide the note to defendant.

18. Plaintiff's doctor agreed to mail the note to plaintiff.

19. When plaintiff received the note in the mail, plaintiff attempted to email a copy of the doctor's note to defendant.

20. Before plaintiff was able to email a copy of the note to defendant, he saw a message from Bousquet indicating that he was terminated.

21. Defendant terminated plaintiff's employment on June 1st 2020.

22. The excuse given to defendant was that he was not able to "give 100 percent".

23. Defendant terminated plaintiff even though defendant knew that plaintiff has a compromised immune system and that there was an ongoing pandemic that posed a threat to the health and safety of people with a compromised immune system.

24. Defendant was aware that plaintiff was being treated by a physician for his condition, and that plaintiff's physician had requested that defendant grant plaintiff a reasonable accommodation in the form of a medical leave of absence.

25. Plaintiff was collecting unemployment while he was laid off.

26. Bousquet requested that plaintiff secretly perform work even though plaintiff was collecting unemployment.

27. Plaintiff refused to perform work for Bousquet while collecting unemployment.

28. Defendant has retained non-disabled salespeople who now perform plaintiff's old job functions.

29. Any and all explanations for defendant's decision to terminate plaintiff are pretext to mask unlawful discrimination and retaliation.

30. Defendant failed to engage in the reasonable accommodation interactive process.

31. Plaintiff can perform the essential functions of his job with or without a reasonable accommodation.

32. Plaintiff filed claims against defendant with the Connecticut Commission on Human Rights and Opportunities (CHRO) on or about August 12, 2020.

33. On or about April 1, 2021, plaintiff received notice of a release of jurisdiction from the CHRO. (Ex.1)

## **FIRST COUNT**
### (Disability Discrimination In Violation Of C.G.S. §46a-60(b)(1))

1. Plaintiff repeats the allegations in paragraphs 1 through 33 above as if fully incorporated herein.

34. Defendant's actions violate the Connecticut Fair Employment Practices Act, which prohibits discrimination on the basis of disability (actual or perceived as).

35. Defendant, by and through its agents and/or employees, violated the CFEPA, in one or more of the following ways:

   a. In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's disability;

   b. In that defendant discriminated against the plaintiff for requiring a reasonable accommodation;

   c. In that defendant discriminated against the plaintiff in such a way that adversely affected his status as an employee;

   d. In that defendant treated the plaintiff adversely different from similarly situated employees;

   e. In that defendant intentionally discriminated against the plaintiff;

   f. In that defendant terminated plaintiff because of his disability.

36. As a result of defendant's unequal treatment and discrimination, plaintiff has been deprived of his employment and equal employment opportunities because of his disability.

37.     As a result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income, wages, and benefits.

38.     As a further result of defendant's discrimination of the plaintiff, plaintiff has suffered severe humiliation, embarrassment, harm to personal and professional reputation and emotional distress.

39.     Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

40.     Disability discrimination was a motivating factor in defendant's decision to terminate plaintiff's employment.

## SECOND COUNT
### (Failure to Accommodate in Violation of C.G.S. §46a-60(b)(1))

1.      Plaintiff repeats the allegations in the paragraphs above as if fully incorporated herein.

41.     Defendant, by and through its agents, servants, and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60a *et seq.* in one or more of the following ways.

(a)     In that defendant failed to provide the plaintiff with a reasonable accommodation.

42.     As a result of defendant's failure to accommodate, plaintiff has been deprived of her employment and equal employment opportunities because of his disability.

43.     As a further result of defendant's failure to accommodate, plaintiff has been deprived of income and wages, and has been deprived of access of certain benefits to which she was entitled under defendant's employee benefits plan, and interest.

44. As a further result of defendant's suspension of plaintiff, plaintiff has suffered severe humiliation, embarrassment, emotional distress, and harm to professional and personal reputation.

45. Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

### THIRD COUNT
### (Retaliation in Violation of C.G.S. §46a-60(b)(4))

1. Plaintiff repeats and re-alleges the allegations set forth above in Paragraphs 1 through 45 as though fully set forth herein.

46. Defendant, by and through its agents, servants, and/or employees, violated the C.G.S. §46a-60(b)(1) et seq. in one or more of the following ways:

   a. In that defendant retaliated against the plaintiff for requesting a reasonable accommodation.

47. As a result of defendant's retaliation, plaintiff suffered damages including: loss of income, wages and employee benefits, and harm to his personal and professional reputation.

48. As a further result of defendant's retaliation, plaintiff has suffered severe humiliation, embarrassment, and emotional distress.

49. Plaintiff has suffered and will continue to suffer injuries as a result of defendant's retaliatory acts.

## FOURTH COUNT
### (Retaliation in Violation of Families First Coronavirus Response Act Pub.L. No. 116-127, 134 Stat. 178 (2020))

1. Plaintiff repeats and re-alleges the allegations set forth above in Paragraphs 1 through 49 as though fully set forth herein.

50. This cause of action is brought pursuant to the Families First Coronavirus Response Act (FFCRA).

51. Defendant employs less than 500 employees.

52. Defendant is subject to the FFCRA which in turn is comprised of the Emergency Paid Sick Leave Act (EPLSA) and the Emergency Family and Medical Leave Expansion Act (EFMLEA).

53. A request for FFCRA is a protected activity under the FFCRA.

54. Plaintiff requested medical leave.

55. The requested medical leave of absence covered a time period when the FFCRA was legally in effect.

56. Plaintiff was an eligible employee for medical leave under the FFCRA.

57. Defendant retaliated against plaintiff for requesting medical leave under the FFCRA by terminating his employment.

58. As a result of the retaliatory discharge, plaintiff sustained harms and losses.

59. Defendant's retaliation was willful.

## FIFTH COUNT
**(Interference in Violation of Families First Coronavirus Response Act Pub.L. No. 116-127, 134 Stat. 178 (2020))**

1. Plaintiff repeats and re-alleges the allegations set forth above in Paragraphs 1 through 59 as though fully set forth herein.

60. This cause of action is brought pursuant to the Families First Coronavirus Response Act (FFCRA).

61. Defendant employs less than 500 employees.

62. Defendant is subject to the FFCRA which in turn is comprised of the Emergency Paid Sick Leave Act (EPLSA) and the Emergency Family and Medical Leave Expansion Act (EFMLEA).

63. A request for FFCRA is a protected activity under the FFCRA.

64. Plaintiff requested medical leave.

65. The requested medical leave of absence covered a time period when the FFCRA was legally in effect.

66. Plaintiff was an eligible employee for medical leave under the FFCRA.

67. Defendant interfered with plaintiff's exercise of his rights under the FFCRA by denying him the leave, denying him certain benefits afforded to him under the FFCRA and by firing him.

68. As a result of defendant's interference, plaintiff sustained harms and losses.

69. Defendant's interference was willful.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for appropriate damages including: compensatory damages; damages for back pay, front pay, bonuses, personal days, lost pension/employee/retirement benefits, emotional distress; attorneys' fees; costs; consequential damages; interest; liquidated damages pursuant to the FFCRA; paid benefits under the FFCRA; punitive damages pursuant to the CFEPA; prejudgment interest; post judgment interest; for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; job reinstatement; for a trial by jury; and for all other just and proper relief.

Hereof fail not but of this writ with your doings thereon make due service and return according to law.

Dated at Newington, Connecticut this 28th day of June 2021.

_____
James V. Sabatini, Esq.
SABATINI AND ASSOCIATES, LLC
One Market Square
Newington, CT 06111
Tel. No.: 860-667-0839
Fax No.: 860-667-0867
Email: jsabatini@sabatinilaw.com
Juris No. 052654

Please file our appearance
on behalf of the Plaintiff.

_____
James V. Sabatini

## **STATEMENT OF AMOUNT IN DEMAND**

The amount in demand is greater than $15,000.00

exclusive of attorneys and costs.

# EXHIBIT 1

## STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Eric Benoit
**COMPLAINANT**

CHRO No. 2140050

vs.

EEOC No. 16A-2020-01397

Bousquet's Appliance & TV
**RESPONDENT**

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

**DATE:** April 1, 2021

_____
Tanya A. Hughes, Executive Director

Service:
Complainant's counsel:   jsabatini@sabatinilaw.com
Respondent's counsel:    ceryan@ryandelucalaw.com